UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HILLARY J EVANS, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:14-CV-289 |
| | § | |
| ROBERT HERRERA, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Plaintiff Hillary J. Evans filed a complaint under 42 U.S.C. § 1983 alleging violations of his Fourteenth Amendment right to due process of law. On July 21, 2014, defendants moved for summary judgment. For the reasons stated below, defendants' motion is granted and the complaint is dismissed with prejudice.

**I.     Background**

At all relevant times, Evans was an inmate in the Texas Department of Criminal Justice ("TDCJ"). The defendants are all TDCJ officers and officials.

Evans contends that defendant Houston, a TDCJ Lieutenant, ordered defendant Smallwood, a TDCJ Sergeant, to destroy Evans' personal property. *See* Plaintiff's More Definite Statement ("MDS"), Docket Entry # 8, at 7. Evans further alleges that defendant Robert Herrera, a TDCJ Warden, Donald Bilnoski, an Assistant Warden, and Brad Livingston, TDCJ's Executive Director, were aware of the alleged constitutional violation and failed to provide a remedy, or failed to properly address plaintiff's grievance concerning the alleged destruction of property.

## II. Analysis

### A. Standard of Review

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, the "evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986). Once the movant presents evidence demonstrating entitlement to summary judgment, the nonmovant must present specific facts showing that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).

### B. Exhaustion of Remedies

Before bringing a federal lawsuit challenging prison conditions, a prisoner must first exhaust available administrative remedies. 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199 (2007).

> The Texas prison system has developed a two-step formal grievance process. The Step 1 grievance, which must be filed within fifteen days of the complained-of incident, is handled within the prisoner's facility. After an adverse decision at Step 1, the prisoner has ten days to file a Step 2 grievance, which is handled at the state level. This court has previously held that a prisoner must pursue a grievance through both steps for it to be considered exhausted.

*Johnson v. Johnson,* 385 F.3d 503, 515 (5th Cir., 2004).

The record shows that Evans filed a Step 1 grievance concerning the alleged destruction of his property on September 12, 2013. He alleges that the incident took place on August 24, 2013. *See* Defendants' Exhibit A at 1-2. The grievance was returned unprocessed. He did not

file a Step 2 grievance. Moreover, Evans filed no grievance concerning any alleged acts or omissions by defendants Herrera, Bilnoski, or Livingston.

Because Evans filed his grievance 19 days after the alleged incident, he failed to comply with the administrative requirement that he file his grievance within 15 days. By failing to file a timely Step 1 grievance or any Step 2 grievance, or any grievance concerning Herrera, Bilnoski, or Livingston, Evans failed to properly exhaust his available administrative remedies. Therefore, the defendants are entitled to dismissal under 42 U.S.C. § 1997e(a)**.**

### C. Defendant Herrera

Evans contends that defendant Herrera failed to address his Step 1 grievance, but the record shows that another official did so. Defendants' Exh. A, at 2. Moreover, as discussed above, the grievance was untimely. Evans cites no constitutional basis for his claim that Herrera had a duty to personally address Evans' untimely grievance. He therefore fails to state a claim against Herrera.

### D. Personal Involvement

Evans' only other allegations against defendants Herrera, Bilnoski, and Livingston are that they knew of the alleged deprivation of property and failed to do anything to provide redress. To prevail on his claims, Evans must demonstrate that each defendant was personally involved in the alleged constitutional violations, or that the defendant committed wrongful acts that were causally connected to a constitutional deprivation. *See Jones v. Lowndes County, Mississippi*, 678 F.3d 344, 349 (5th Cir. 2012). Moreover, supervisory officials cannot be held vicariously liable under 42 U.S.C. § 1983 for acts of their subordinates on a theory of *respondeat superior*. *Monell v. Dept't of Soc. Servs.*, 436 U.S. 658, 692 (1978). Because Evans fails to

allege anything other than supervisory liability with regard to these defendants, they are entitled to summary judgment.

### E. Conclusion

For the foregoing reasons, defendants' motion for summary judgment (Dkt. No. 26) is granted, and the complaint is dismissed with prejudice.

SIGNED on this 14th day of January, 2015.

_____
Kenneth M. Hoyt
United States District Judge